## MENDEL & BRO. v. DAVIES.

1. RELEASE: *Consideration. Contract against public policy.*
   An argreement by an attorney at law to release his debtor from his debt on condition that the debtor will give him the collection of a claim sent to him by his correspondent, but in which the debtor had no pecuniary interest as collecting agent or otherwise, is without consideration and not enforceable, though the debtor deliver the claim to the attorney for collection; or, if there be a consideration, the agreement is against the policy of the law which forbids a trustee, agent or bailee, without reward, to use the trust property or subject matter of the agency or bailment, or his relation thereto, for his own private advantage.

2. CONTRACTS: *Unlawful, not enforceable.*
   Where the ground of a promise on one part, or the thing promised to be done on the other part, is unlawful, the courts will not enforce the contract for either party.

APPEAL from *Hot Spring* Circuit Court.
HON. J. B. WOOD, Circuit Judge.

*Thomas C. Peek* for appellant.

The contract *was executed*, and the firm of attorneys received a benefit, a consideration, something of value, for

Mendel Bros. v. Davies.

their release and satisfaction of their disputed claim. Anything that is of benefit to one or a detriment to the other is a sufficient consideration.

*R. G. Davies, pro se.*

This is a case where a man who is acting as the agent of another to employ an attorney for that other, gets himself hired (so he says) to employ a firm of lawyers by an arrangement with one of the firm in consideration of his employing the services of the firm of lawyers that the firm of lawyers are to give him $120, the amount of a just account they hold against him. To say that such a contract would be binding on the firm, the other partner, an innocent purchaser of the account, or anybody else, would be an insult to the intelligence of the court. And any man who would make such a contract is not worthy of belief. If the appellant ever made any such a contract he ought never to have mentioned it. One who stands in the relation occupied by the appellant cannot use the subject matter of his agency or the relation which he bears to it for his own personal benefit. See *Perry on Trusts, p. 533, vol. 1.*

SMITH, J. Townsend & Morphy, a firm of lawyers, had a demand against Mendel & Bro. for professional services rendered. Morphy afterwards removed from the state, and Townsend sold the account to Davies, who brought an action. Mendel & Bro. pleaded accord and satisfaction; but on a trial before the court without a jury, the finding and judgment were against them.

The evidence tended strongly to show that Morphy, before leaving the state, had agreed with Mendel & Bro. to release or forgive this debt upon condition that they would CONTRACT: Illegal consideration.

place in the hands of his firm a certain claim, of which they had control, in favor of E. Kahn & Co., of Cincinnati, against a merchant of Hot Springs; and that the condition had been performed. The defendants had no pecuniary interest, either as collection agents or otherwise, in the claim. They were merchants, and the claim had been sent to them with directions to select and employ some attorney to look after the creditor's interests, the debtor being in failing circumstances. The circuit court declared the law to be, " that the defendants, having been intrusted by E. Kahn & Co. with the duty of engaging for them the services of an attorney, and having assumed such duty, had no right to stipulate with such attorney that he should pay them a valuable consideration for such employment; and if the defendants, in employing Townsend & Morphy for Kahn & Co., and in consideration thereof agreed with Morphy that the claim sued on was settled, such agreement was invalid and no defense to this action·" The correctness of this declaration is the only point in the case.

The promise of Morphy to cancel the debt due his firm by the defendants was wholly gratuitous; nothing of value, in the eye of the law, moved from the promisees; or, if there was a consideration, it contravened the general policy of the law, which is that a trustee, agent or bailee without reward cannot use the trust property or subject matter of the agency or bailment, or his relation thereto, for his own private advantage. And where the ground of the promise on one part, or the thing which is promised to be done on the other part, is unlawful, neither party can derive any assistance from a court of justice to carry it into effect. To enforce such contracts would encourge men to violate their duties, and engage in speculations for their own benefit, to the hazard ·or possible detriment of those

to whom they have assumed to render a voluntary courtesy.

Regularly, Townsend & Morphy should have been parties to this action, either plaintiffs or defendants; the assignment of an account not being authorized by statute. The defect was, however, waived by going to trial without objection. The old rule was that an account was not assignable, so as to vest the legal interest in the transferee and enable him to sue in his own name. But now, with a few enumerated exceptions, all actions are required to be prosecuted in the name of the real party in interest. *Mansf. Dig., secs. 4933-4; Anderson v. Lewis, 10 Ark., 304; Yonley v. Thompson, 30 ib., 399.*

Affirmed.