FIRST NATIONAL BANK OF DEWITT *v.* HASTY.

Opinion delivered March 30, 1931.

*George Pike, W. A. Leach* and *Ingram & Moher,* for appellant.

*A. G. Meehan* and *John W. Moncrief,* for appellee.

HUMPHREY, J. This is an appeal from a decree dismissing appellant's complaint against appellee, Lillie M. Mobley, seeking to recover 25 per cent. of $11,000, which she received as a compromise settlement in a suit brought by her on the fourth day of September, 1922, against the administrator of the estate of W. F. Meacham, deceased, and against his heirs in the chancery court of Arkansas County, to establish a lost holographic will, alleged to have been made by him, in which all of his property, real and personal, was devised to said appellee.

Appellant made a written contract between appellee and John W. Moncrief the basis of its suit, alleging that it was the owner of the contract by virtue of the assignment thereof to it by Caroline Hasty, who had acquired same by assignment from John W. Moncrief. The contract is as follows:

"This contract and agreement entered into by and between Lillie M. Mobley, first party, and John W. Moncrief, second party, witnesseth:

"First party agrees to pay John W. Moncrief 25 per cent. of all money, notes, accounts and credits which may be recovered by means and on account of the suit

filed by Lillie M. Mobley against W. F. Meacham and others for the purpose of establishing the will of W. F. Meacham, deceased. 25 per cent. of all money, notes and accounts so recovered by virtue of establishing and probating such will belong to John W. Moncrief, and he shall have the right, authority and power to collect same from any person and all persons having same in hand or in possession or unto whose hands or possession same may come and this shall be an order to deliver such one-fourth of same to said John W. Moncrief.

''The said John W. Moncrief shall receive the aforesaid 25 per cent. in addition to the fee mentioned in a former contract heretofore made, and this contract here and now made shall not in any way supersede or replace the former contract. And this contract here and now made shall not be taken to effect in any wise the former contract.

''Given under our hands and seals on this. the first day of November, 1922.

''Lillie Mobley,

''John W. Moncrief.

''Witness: K. D. Mobley and T. T. Hasty.''

It was alleged that under said employment, John W. Moncrief recovered $11,000 in cash for appellee, and that appellant is entitled to 25 per cent. of said amount under the terms of the contract.

Appellee filed an answer denying any liability under the contract to either John W. Moncrief, Mrs. Caroline Hasty, T. T. Hasty or appellant, alleging that she and John W. Moncrief had entered into a previous written contract whereby he was bound to perform all services for her in the suit to establish the will, and that the last contract and the one sued on by appellant was without consideration and also that the consideration for said contract was unlawful and void as against public policy.

According to the undisputed testimony, the record reflects the following facts:

Appellee brought a suit in the chancery court of Arkansas County against the administrator and heirs of

W. F. Meacham, deceased, to establish his lost will, in which he devised his entire estate to appellee. J. W. Moncrief was her attorney in the proceedings, having been employed under a written contract of date April 24, 1920, in which he agreed for $500 and 4 per cent. of what he might recover to assist Crawford & Hooker in representing appellee in all litigation existing or that might arise in connection with the estate, administrator, or heirs of W. F. Meacham, deceased. During the pendency of the suit to establish the lost will, the contract sued upon herein was executed in the name of John W. Moncrief, but for the benefit and protection of T. T. Hasty, who was to receive the amount set forth in the contract as additional fee for J. W. Moncrief, upon conditions about which the parties differ. J. W. Moncrief was made the second party in the contract so that he might pay one-fourth of the amount that he recovered and collected to T. T. Hasty with the understanding that he would assign the contract to Caroline Hasty in order to protect T. T. Hasty from any claim J. W. Moncrief's representatives might make to 25 per cent. of the recovery, if he, J. W. Moncrief, should die before the collection was made. Subsequently, Caroline Hasty assigned the contract to appellant as additional security for certain existing indebtedness T. T. Hasty owed it.

In September, 1923, T. T. Hasty, who had theretofore purchased an undivided three-sevenths interest in the estate of W. F. Meacham, deceased, from several of the heirs, testified in the suit to establish the will that sometime in 1920 Mrs. Sarah Shanklin, who had been the housekeeper for W. F. Meacham for many years, showed him W. F. Meacham's will; that it was in the handwriting of W. F. Meacham, deceased, and that, according to its terms, all his property was devised to appellee.

After T. T. Hasty had testified, the case was compromised and settled by paying appellee $11,000 cash, she agreeing to relinquish further right to share in the Meacham estate.

522

The testimony is in conflict as to the consideration moving between Hasty and appellee.

T. T. Hasty testified that he was to get the percentage named in the contract if he would testify to the existence of the will; that all he was to do to earn one-fourth of the recovery was to help substantiate the will and its contents; that he and his mother together owned about three-sevenths interest in the estate and that the amount he was to receive for testifying to the existence of the will and its contents was about equal to his and his mother's share in the estate.

K. D. Mobley testified that he agreed to pay T. T. Hasty 25 per cent. of what his wife might recover in the suit to establish the will to produce said will, and that, after the agreement had been made, they repaired to the office of John W. Moncrief for the purpose of having same reduced to writing in the best form; that, after stating the terms of the contract to J. W. Moncrief, he prepared the contract of date November 1, 1922, which was immediately assigned to Caroline Hasty, and subsequently to appellant.

J. W. Moncrief testified that the consideration specified in the contract was for the use of T. T. Hasty and not himself, and that he was made party of the second part therein in order to collect and pay T. T. Hasty 25 per cent. of the recovery, and that he assigned same to Caroline Hasty without recourse at the request and instance of T. T. Hasty without consideration in order to protect him against any claim of his representatives in case of his death; that personally he had no interest whatever in the contract, and did not act as attorney for either party in writing same; that he rendered his services and received pay therefor under the contract of date April 24, 1920; that T. T. Hasty never produced the will of W. F. Meacham nor in any way earned the percentage of recovery named in the contract of date November 1, 1922.

Appellant contends for a reversal of the decree upon the ground that the trial court erred in finding that the

contract of November 1, 1922, was void for the want of consideration. The argument is made that, though it be conceded that J. W. Moncrief rendered no services thereunder but earned his fees under the contract of date April 24, 1920, yet there was a valuable consideration for the oral contract between T. T. Hasty and K. D. Mobley, which was adopted and used in formulating the written contract in which appellee appears as party of the first part and J. W. Moncrief as party of the second part. Attention is called to the fact that T. T. Hasty agreed to and had testified that W. F. Meacham died testate, and by his will devised all of his property to appellee, which testimony resulted in a benefit to appellee and a detriment or loss to T. T. Hasty, if appellant fails to recover on the contract. It is true that a benefit accruing to one and a loss resulting to the other party in the contract constitutes a valuable consideration therefor, but a valuable consideration is only one essential of a contract. There are several other necessary essentials to a contract, one being a lawful subject-matter. A contract relating to an unlawful subject-matter is void, even though supported by a valuable consideration. The testimony of T. T. Hasty, relied upon by appellant, if true, reveals that the contract is contrary to public policy and void. According to the facts, he agreed to testify, for a percentage of the recovery, that W. F. Meacham died testate, and that by holographic will he devised all of his property to appellee herein. This court is committed to the doctrine that a contract is void as against public policy in which one of the parties therein agrees to secure testimony that will enable the other to win an existing or contemplated suit. *Mendel Bros.* v. *Davies,* 46 Ark. 420; *Josephs* v. *Bryant,* 108 Ark. 171, 157 S. W. 136.

Having reached the conclusion that the testimony adduced by appellant renders the contract void, it is unnecessary to decide other questions argued by able counsel for apepllant.

No error appearing, the decree is affirmed.